RONALD L. REED,                                    Case No. 08-CV-4998 (PJS/RLE)

             Petitioner,

v.                                                                    ORDER

JESSICA SYMMES,

             Respondent.

Howard Bass, BASS LAW FIRM, PLLC, for petitioner.

Mark Nathan Lystig, RAMSEY COUNTY ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on the objection of petitioner Ronald L. Reed to the
September 17, 2009 Report and Recommendation ("R&R") of Magistrate Judge Raymond L.
Erickson. Judge Erickson recommends that Reed's petition for habeas corpus under 28 U.S.C.
§ 2241 be dismissed on the merits and that Reed's motion to proceed in forma pauperis be denied
as moot. This Court has reviewed de novo those portions of the R&R to which Reed objects, as
required by 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Based on that review, the Court
overrules Reed's objection and adopts Judge Erickson's R&R.

## I. BACKGROUND

### A. At Trial

In 2006, Reed was tried for the 1970 murder of St. Paul police officer James Sackett. The
jury convicted him of first-degree premeditated murder in violation of Minn. Stat. § 609.185(c),
and of conspiracy to commit first-degree murder in violation of Minn. Stat. § 609.175, subd. 2.

At trial, immediately prior to voir dire, Reed's attorneys filed a written motion regarding Reed's representation.  According to Reed, that motion was typed up by his brother Duane at Reed's request, provided by Duane to Reed's attorneys, and filed by Reed's attorneys with the court.  Affidavit of Ronald L. Reed ("R. Reed Aff.") ¶¶ 5-6 [Docket No. 20-3].  The precise contents of that motion have, until quite recently, been a mystery.  The trial judge, in the course of ruling on Reed's motion, described it as a motion "that the court appoint new counsel to represent [Reed] for purposes of this trial."  Tr. Vol. VII (hereinafter "Tr.") at 86.  The Minnesota Supreme Court, in affirming Reed's conviction, described Reed's motion as a motion "to appoint substitute counsel, not to represent himself."  *State of Minnesota v. Reed*, 737 N.W.2d 572, 587 (Minn. 2007).  But in his habeas petition, Reed describes his motion as a "motion to represent himself," and asserts that he moved "for the court to discharge his counsel and allow [Reed] to represent himself."  Amended Petition at 7-8.  In support of his assertion, Reed submits an affidavit from his brother Duane, in which Duane swears that the motion that he typed on Reed's behalf was a motion "inform[ing] the court of the problems that [Reed] was experiencing with his attorneys, requesting that they be discharged and he be able to represent himself."  First Affidavit of Duane Reed [Docket No. 16 at 8].

In the papers submitted to Judge Erickson, and then later in the papers submitted to this Court, neither of the parties submitted a copy of the motion itself.  This was apparently because the motion had been filed under seal.  On March 31, 2010, this Court ordered the parties to submit a copy of the motion that Reed had filed with the trial court.  Docket No. 21.  The parties complied, Docket No. 22, and thus there is no longer any mystery about the contents of Reed's motion.

Contrary to Reed's assertion and the sworn affidavit of his brother, Reed did *not* move for permission to represent himself at trial. Consistent with the descriptions of the trial judge and the Minnesota Supreme Court, Reed moved *only* to have his attorneys replaced with new counsel. Reed's motion began as follows:

> I, Ron Reed, submit the following motion before this Court to have my current legal counsel replaced. I respectfully request that this Court *replace my current attorneys with new counsel* who are willing to adequately represent me and consult with me in preparing my defense.

Docket No. 22-1 at 1 (emphasis added). Reed's motion then described various reasons why he was dissatisfied with his current counsel. He claimed, for example, that his attorney "has not met with me more than 6 times." *Id.* (In fact, according to the Minnesota Supreme Court, "Reed's inmate visitor log indicates that Reed's counsel visited Reed 22 times between March 2005 and February 2006." *Reed*, 737 N.W.2d at 587.) Reed then concluded his motion as follows:

> On the basis of all of the above reasons, I respectfully request that this Court *assign new counsel to me* before allowing this case to proceed to trial.

Docket No. 22-1 at 2 (emphasis added).

In short, Reed's written motion was crystal clear: Reed asked the trial court to "replace [his] current attorneys with new counsel" and to "assign new counsel to [him]." Reed never so much as hinted that he wished to represent himself. Reed's statements to the contrary in the papers that he filed with the Minnesota Supreme Court and with this Court are simply false.

On February 7, 2006, the trial court addressed Reed's motion. Accurately characterizing Reed's motion as a motion for appointment of new counsel, the trial court denied the motion, finding that Reed's attorneys were "very competent" and had "presented a zealous defense on

behalf of Mr. Reed." Tr. at 87. The court also found that "it would be inappropriate for this trial to drag on any longer than it has or these proceedings to drag on any longer than they have," *id.*, and that delaying the trial "would create prejudice to the state . . . .," *id.* at 87-88.

After the judge denied Reed's motion, Reed spoke up and asked the judge to permit Reed to read his motion — that is, his motion for appointment of new counsel — into the record. The judge denied Reed's request, telling him that he should address the court through counsel. Specifically, the judge and Reed engaged in the following exchange:

> THE defendant: Your Honor, I request to address the court respectfully to enter my motion into the record of what my actual motion is. I request the court to allow me to read my motion into the record for the record.
>
> THE COURT: Mr. Reed, you can sit down. You are represented by counsel.
>
> Mr. Pecchia [Reed's attorney], would you please give me the document that Mr. Reed has submitted.
>
> THE defendant: Your Honor —
>
> THE COURT: Mr. Reed, I said, sit down.
>
> THE defendant: Yes, sir. But if it goes on, it goes on under my protest, Your Honor.

*Id*. at 88-89. Following this exchange, the judge said that, in lieu of reading Reed's motion into the record, he would "order that this document that's been prepared by Mr. Reed be filed as a court document and it will become a part of the court record." *Id*. at 90. The judge ordered the motion to be filed under seal. *Id*.

Reed told the judge that, in light of the denial of his motion for new counsel, the trial was continuing "under [Reed's] protest," that he "[did] not wish to participate in these proceedings,"

-4-

and that he "wish[ed] to go back into the cell." *Id*. at 89. The judge called a recess and asked

Reed to discuss his decision with his attorneys. *Id*. at 91. Following the recess, the judge asked

Reed several times if he wished to remain in the courtroom, but Reed refused to respond to any

of the judge's questions. *Id*. at 94-95. The judge then called the attorneys up to the bench for a

conference. *Id*. at 95. During that bench conference, Reed "got up from his chair and walked to

the security door, opened it, and entered the locked security area." *Id*. at 96.

Following another recess, Reed returned to the courtroom, and the judge described again

his reasons for denying Reed's motion to appoint new counsel and discussed how trial would

proceed in the event that Reed refused to participate. *Id*. at 98-102. The judge then asked

"[c]ounsel" whether they had "any other additions or corrections or suggestions." *Id*. at 102.

Reed interrupted and asked, "Your Honor, may I address the court?" *Id*. The judge again told

Reed that he should address the Court through counsel: "No, Mr. Reed, you may not. You have

an attorney and if you want to discuss any concerns that you have with your attorney, Mr. Pecchia

then will have an opportunity to address the court." *Id*. Reed's attorney then told the judge that

"Mr. Reed is requesting that he be allowed to have a hearing on his motion to change counsel."

*Id*. After inviting a response from the prosecutor, the judge denied the request, explaining: "I

believe that we have had a sufficient hearing on this matter and that I have made my decision and

it will stand." *Id*. at 102-03.

## B. Direct Appeal and Habeas Petition

Reed appealed his conviction directly to the Minnesota Supreme Court. Reed was

represented by counsel on appeal, and that attorney raised no challenge to the denial of Reed's

motion to appoint new counsel. But Reed filed a pro se supplemental brief that asserted, among

other things, that the "Trial Court abused its discretion when it denied Reed his right to represent himself at trial." Appellant's Pro Se Supp. Br. at 2. Reed's full argument on this point was as follows:

> During the course of trial[,] I sought to have a hearing with the Court to explore how I could replace my court-appointed legal counsel and proceed on my own behalf[.] I submitted in writing to the Court several reasons as to why I believed that my counsel was not adequately representing my interests. The main reason why I felt that I possibly needed to become my own lead counsel was that I was not being consulted as to the strategic decisions being made by my attorney. Some of the key strategic decisions that my attorney was making but not consulting with me are discussed within this brief[.] I attempted to discuss the matter with the Court in chambers but the Court would not allow me to [t]ake up the matter with the Court.

> The actions of the Court violated my Sixth Amendment rights under the Federal Constitution as discussed in *Faretta v. California,* 422 U.S[.] 806, 819 (1975) where the Supreme Court held that "The Sixth Amendment does not provide merely that a defense shall be made for the accused: [sic] it grants [to] the accused personally the right to make his defense[.]" I should have been afforded an opportunity to have a hearing on the issue of replacing my court appointed attorney as I am the one ultimately who bears the consequences of conviction. As the *Faretta* court noted, "the defendant, and not his lawyer of [sic] the State, will bear the personal consequences of a conviction [and] his choice must be honored out of that respect for the individual which is the lifeblood of the law." 420 U.S. at 824.

*Id*. at 2-3.

The Minnesota Supreme Court upheld Reed's conviction. With respect to his Sixth Amendment claim, the court noted that Reed had argued "that the district court erred by refusing to afford him a hearing on his motion to represent himself." *Reed*, 737 N.W.2d at 587. The court rejected this argument because, it said, Reed had never *filed* a motion to represent himself.

According to the court, Reed had "mischaracteriz[ed] . . . the record, as Reed's motion was to appoint substitute counsel, not to represent himself." *Id*.

Reed then filed a pro se habeas petition. In his petition, he sets forth several grounds for overturning his conviction, including "Ground 2:  RIGHT TO REPRESENT SELF." His entire argument with respect to that ground is as follows:

> Petitioner's due process rights were violated when the trial court denied him the right to represent himself. Petitioner voluntarily and intelligently elected to proceed without counsel to represent himself during his trial. He notified his counsel that he no longer wanted to be represented by him and requested that counsel arrange for him to address the court. Due to petitioner's lack of resources, he requested outside assistance from his brother, Duane Reed, in preparing a motion for the court to discharge his counsel and allow petitioner to represent himself. Subsequently, Duane Reed hand delivered the motion to petitioner's counsel who presented it to the court. The court summarily denied the motion and repeatedly denied petitioner's request for a hearing to clarify why he wanted to represent himself.

Amended Petition at 8.

As noted, Judge Erickson issued an R&R recommending the Court deny Reed's petition. In discussing Reed's self-representation claim, Judge Erickson reasoned that "the request to waive the right to counsel, in order to represent oneself, must be clear and unequivocal" and that Reed had not unequivocally invoked his right to self-representation before trial. R&R at 44-45. Judge Erickson concluded that because Reed did not unequivocally invoke his right to self-representation, he was not entitled to habeas relief on Sixth Amendment grounds.[1]

---

[1]Judge Erickson recommended that, even if Reed's claim were construed as a challenge to the trial court's denial of his motion for substitute counsel, Reed was not entitled to habeas relief because the trial court's ruling on the motion was not contrary to law. R&R at 49.

## C. Reed's Objection to the R&R

Reed, now represented by counsel, objects to the R&R, and submits new affidavits in support of his objection. As explained above, in Reed's pro se brief to the Minnesota Supreme Court and in Reed's pro se habeas petition to this Court, the thrust of Reed's complaint was that he *moved* for permission to represent himself and that the trial court acted wrongly, either by denying that motion or by denying Reed a *Faretta* hearing on that motion. Now, however, Reed seems to be making a different argument (although his papers are far from clear). Reed now seems to be arguing that he *tried* to move to represent himself but the trial court did not let him make such a motion.

Specifically, Reed asserts that shortly after the prosecution announced on February 3, 2006, that it intended to sever its trial of Reed's case from that of his co-defendant, Reed informed his counsel that he wanted to substitute new counsel or, if that was not possible, to represent himself. R. Reed Aff. ¶ 4. Reed did not have confidence that his lawyers would represent him adequately now that his co-defendant's lawyers "would not be there in the courtroom to provide a check on the prosecution." R. Reed Aff. ¶ 5. Reed claims that over the following weekend, he asked his brother Duane for assistance in drafting a motion to substitute counsel or, in the alternative, to represent himself. *Id*. His brother, who has no legal training, drafted the motion and provided it to Reed's counsel, who in turn gave it to the court. Second Affidavit of Duane Reed ("Second D. Reed Aff.") ¶¶ 1-2, 5-6 [Docket No. 20-4]. Reed claims he had no opportunity to review the written motion prior to its submission to the court, nor indeed before the Minnesota Supreme Court affirmed his conviction. R. Reed Aff. ¶ 6; Second D. Reed Aff. ¶ 6.

In his objection to the R&R, Reed says that his repeated requests to address the trial court prior to voir dire were attempts to clarify for the court that his motion was not merely to substitute counsel, but also encompassed a motion in the alternative to represent himself if the court denied his request for new counsel. Obj. at 4. Reed now states that he had no intent to delay the start of the trial, and that, had he been given permission to represent himself, he would not have required additional time to prepare for any stage of litigation from voir dire to closing arguments. R. Reed Aff. ¶ 8.

In his objection to the R&R, Reed also raises for the first time the issue of the trial court's duty to inquire as to the basis of an indigent defendant's dissatisfaction with counsel. Obj. at 9-11. It is not clear why Reed is raising this issue. Reed appears to be saying that the trial judge had a duty to question Reed about his dissatisfaction with counsel and, had the trial judge fulfilled his duty, that would have given Reed an opportunity to move to represent himself. It may be, however, that Reed is now asserting for the first time that the trial judge's failure to question him about his reasons for asking for substitute counsel itself warrants reversal of his conviction.

## II. ANALYSIS

As described above, Reed has at one time or another made four somewhat contradictory claims about the events of February 7, 2006. First, Reed has claimed that he actually moved to represent himself, and the judge erred by denying his motion. Second, Reed has claimed that he actually moved to represent himself, and the judge erred by failing to conduct a *Faretta* hearing on his motion. Third, Reed has claimed that he did not move to represent himself, because, when he *tried* to make such a motion, the judge erroneously cut him off. And finally, Reed has

claimed that, after he moved for appointment of new counsel on the eve of trial, the judge erred in failing to question him on the record about his reasons for bringing that motion. The Court rejects all of Reed's claims.

As to his first and second contentions, Reed did not, in fact, move to represent himself. Contrary to the representations that Reed and his brother made to this Court, Reed's written motion in no way suggested that Reed was seeking to represent himself. Nor did anything that Reed or his attorneys say to the judge indicate that Reed wanted to represent himself. "A defendant who wishes to waive his right to counsel, and thereby to proceed pro se, must do so clearly and unequivocally." *United States v. Webster*, 84 F.3d 1056, 1062 (8th Cir. 1996). Reed did not "clearly and unequivocally" — or, for that matter, even unclearly and equivocally — express a wish to represent himself. Obviously, when no request to proceed pro se was made, the trial judge cannot have erred by denying such a request or by refusing to hold a *Faretta* hearing.

As to Reed's third contention — that the trial judge erred in not *permitting* Reed to move to represent himself — the Court first notes its skepticism that Reed in fact was trying to bring a motion to proceed pro se. Nothing in Reed's written motion even hinted that he wanted to represent himself, and, while Reed insisted in open court that he wanted his *written motion* — including its many complaints about his counsel's performance — read into the record, he never expressed to the judge (or, apparently, to his attorneys when the judge required Reed to address the Court through them) that the judge was somehow misunderstanding that motion.

More importantly, "[t]here is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994). Thus, a trial judge has every right to insist that a criminal defendant who is represented

by counsel address the court through counsel. Many jurisdictions have adopted rules barring pro se filings by represented parties, and the Eighth Circuit has held that, even in the absence of such a rule, a trial judge can refuse to entertain pro se motions from a represented defendant. *Id.*

For these reasons, even assuming that Reed in fact tried to move to proceed pro se but was prevented from so moving, the trial judge did not err in requiring Reed to address the court through counsel. There is no allegation, much less evidence, that Reed's counsel would have refused to move that Reed be permitted to represent himself if Reed had asked. When Reed's brother typed up a motion asking that Reed's attorneys be fired and replaced with new counsel, Reed's attorneys promptly filed that motion with the court. And when Reed told his attorneys that he wanted a hearing on his motion, Reed's attorneys promptly conveyed that request to the trial judge.

Finally, Reed's fourth contention — that the judge erred in failing to question him on the record about his reasons for being dissatisfied with his attorneys — must be rejected for two reasons:

First, federal courts will generally not entertain a habeas petition on behalf of a state prisoner unless the prisoner has first exhausted all available state-court remedies. *See* 28 U.S.C. § 2254(b), *O'Sullivan v. Boerckl*, 526 U.S. 838, 842 (1999). Exhaustion requires that a prisoner must fairly present his constitutional claims to the state's highest court. *O'Sullivan*, 526 U.S. at 844. Reed did not "fairly present" a claim to the Minnesota Supreme Court that his conviction must be reversed because he had requested new counsel and the trial judge refused to inquire into the reasons for his dissatisfaction with his present counsel. To the contrary, Reed's argument before the Minnesota Supreme Court was that "[t]he actions of the Court violated my Sixth

Amendment rights under the Federal Constitution as discussed in *Faretta v. California,* 422 U.S[.] 806, 819 (1975) where the Supreme Court held that 'The Sixth Amendment does not provide merely that a defense shall be made for the accused: [sic] it grants [to] the accused personally the right to make his defense[.]'" Appellant's Pro Se Supp. Br. at 2. The Minnesota Supreme Court naturally understood Reed to be making a *Faretta* claim — that is, a claim about the trial court's handling of a motion to proceed pro se — and not a claim about the trial court's handling of a motion to appoint substitute counsel.

Second, even if Reed had "fairly presented" this issue to the Minnesota Supreme Court, he did *not* present it in his habeas petition. Judge Erickson can hardly be faulted for failing to recommend that Reed's conviction be overturned because of a legal error that is nowhere mentioned in Reed's habeas petition. Moreover, as a general matter, "[a] party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004)). Referring motions to a magistrate judge for a recommended disposition would become a fruitless exercise if a party could raise new issues in his objection to an R&R. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Reed's objection [Docket No. 20] and ADOPTS Judge Erickson's R&R [Docket No. 19]. Accordingly, IT IS HEREBY ORDERED THAT:

-12-

1.     Petitioner Ronald L. Reed's amended petition for a writ of habeas corpus [Docket

       No. 6] is DISMISSED WITH PREJUDICE.

2.     No certificate of appealability will issue.

3.     Petitioner Ronald L. Reed's motion to proceed in forma pauperis [Docket No. 2]

       is DENIED AS MOOT.


Dated:  May 18, 2010                        s/Patrick J. Schiltz_____
                                            Patrick J. Schiltz
                                            United States District Judge